**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JIHAAD R. LASSITER ) | |
| Plaintiff, ) | CIVIL ACTION No. _____ |
| *v.* ) | |
| ) | |
| AMERICAN POSTAL WORKERS ) | <u>Civil Action for</u>: Disability Discrimination |
| HOUSE (APWH), Residential Property ) | Fair Housing Act (FHA), Americans With |
| PHILADELPHIA POSTAL UNION ) | Disabilities Act (ADA), Punitive Damages, |
| HOUSING CORPORATION, d/b/a, alias ) | Injunctive Relief |
| 801 RESIDENCE, Residential Property ) | <u>Pennsylvania State-related claims</u>: |
| SAMUEL A. BERGER, Owner ) | negligence, negligence per se, intentional |
| HENRY A. BERGER, Owner ) | and gross infliction of emotional distress, |
| COMMUNITY REALTY MANAGEMENT,) | defamation. |
| INC., Property Management Company ) | |
| AMERICAN POSTAL WORKERS HOUSE) | |
| ASSOCIATES, Property Management Co. ) | |
| BERGER ASSOCIATES, LLC, Property ) | |
| Management Company ) | |
| ROBERT BERGER, Property Manager ) | |
| JOSEPH BERGER, Property Manager ) | |
| NAKEISHA SIMMONS, Property Manager ) | |
| ERICA JOHNSON, Property Manager ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## <u>CIVIL ACTION - COMPLAINT</u>

COMES NOW, Plaintiff JIHAAD R. LASSITER, by and through undersigned counsel,

with this Complaint against the Defendants named above, in this civil action to demand

monetary relief, award of economic and non-economic damages, punitive damages, injunctive or

equitable relief, or any other form of relief deemed just and proper by this Honorable Court, and

does hereby submit the following pleadings of fact and law:

1

## JURISDICTIONAL STATEMENT

1. This Honorable Court has jurisdiction over this civil matter by virtue of a federal question, 28 U.S.C. § 1331 and supplemental jurisdiction over state-based claims, 28 U.S.C. § 1332.

2. Venue is proper within this District pursuant to 28 U.S.C. § 1391(b), where all facts pleaded occurred within this district as they pertain to the actions and or omissions, including management or supervision, of Defendants 801 Residence/APWH, et. al. and their employees and agents through *respondeat superior*, in connection with residential property 801 Locust St., Philadelphia, PA, Philadelphia County.

3. Venue is proper within this District where all rights, claims, causes of action, privileges and immunities, damages caused, and injuries suffered by Plaintiff, being pertinent to this cause of action and claimed herein, arose under federal and state law within the venue of Philadelphia County.

## PRELIMINARY STATEMENT

4. Defendants 801 Residence/APWH, et. al, are corporate legal entities and individuals, as employee agents of their employers, being vicariously liable through *respondeat superior,* acting within the scope of employment, and personally liable for any acts outside the scope, and are jointly and severally liable to Plaintiff.

5. This civil action is brought by Plaintiff against Defendants 801 Residence/APWH, et. al. for violations of federal law under the Fair Housing Act (FHA), 42 U.S.C. §§ 3602, 3604, and 3601-3619, Title III of the Americans with Disability Act (ADA), 42 U.S.C. §§ 12181-12182 for discrimination in housing as to disability, and violations of all federal nondiscrimination statutes, Section 504 of the Rehabilitation Act of 1973, "Section 504", which applies to programs or activities primarily engaged in federally funded activities, here being providing

2

housing to low income, elderly, and special needs persons with disabilities, through federal financial assistance and federally funded activities and programs regulated by HUD.

6. This civil action is brought by Plaintiff for related state-based claims in tort under Pennsylvania law for negligence, negligence *per se*, gross negligence, intentional and gross infliction of emotional distress, and defamation due to harm to Plaintiff's reputation and HUD case file and disability benefits eligibility with HUD and other agencies.

7. Defendants 801 Residence/APWH, et. al. are landlords who, at all times pertinent to the pleadings, have owned and operated a residential premises and place of public accommodation under the definitions of the FHA, ADA, and by operating a federally funded activity or program receiving federal assistance under Section 504.

8. Defendants 801 Residence/APWH, et. al. and their managers, employees, and agents named herein, acted with intent to coerce, intimidate, and threaten Plaintiff, and did conspire to act in direct retaliation for Plaintiff's availing himself of his rights under the FHA as defined in 42 U.S.C. § 3617[1], ADA, and Section 504.

9. Defendants 801 Residence/APWH, et. al. including entities *BERGER ASSOCIATES*, *AMERICAN POSTAL WORKERS HOUSE*, *AMERICAN POSTAL WORKERS HOUSE ASSOCIATES*, *PHILADELPHIA POSTAL UNION HOUSING CORPORATION*, *801 RESIDENCE*, and *CRM* are liable to Plaintiff under *respondeat superior,* because through the actions of their property managers, employees and agents, each named as Defendants herein, and who were at all times acting under their direction, supervision, management and control,

---

[1]Pursuant to 42 U.S.C. § 3617, "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."

within the scope of employment, did cause harm to Plaintiff, as described in these pleadings made herein.

10. Defendants 801 Residence/APWH, et. al. continue to engage in ongoing violations of the nondiscrimination statutes, as part of a pattern and practice of discriminatory actions that began prior to, during, and after the sale or purchase or transfer of ownership of the residential property which, upon information and belief, took place in December 2021, and is now or was under control, ownership, and management of Defendants Samuel A. BERGER and Henry A. BERGER, who are vicariously liable, and personally liable to Plaintiff.

11. This civil action is timely because the violations of federal law pleaded herein are still being committed by Defendants 801 Residence/APWH, et. al. in an ongoing and continuous pattern of discriminatory actions that began with Plaintiff's tenancy, on or around January 2014, and persists in violation of state and federal law, thru to the present time.

12. Plaintiff continues to suffer injuries and harm due to a lack of reasonable accommodation for his disability and as a result of a continuous and ongoing pattern of unlawful misconduct, state-law torts, and prohibited actions in violation of federal disability discrimination, persisting from approximately January 2014 thru to the present time.

## **THE PARTIES**

### *Plaintiff is a disabled resident of a federally funded housing program*

13. Plaintiff is a resident of Philadelphia County and a tenant of the federally subsidized residential property located at 801 Locust St., Apartment 214 Philadelphia, PA 19107, which was both previously and currently owned and operated, at all times pertinent to the factual pleadings made herein, by Defendants 801 Residence/APWH, et. al.

14. Plaintiff is a resident of 801 Locust Street, Apt. 214, who, upon information and belief, commenced residency in mid-year 2013, and who began making grievances and complaints in January 2014, and who has remained without reasonable accommodation since that time, to the present, in violation of federal disability anti-discrimination laws, suffering injury.

     *Defendant business entities*

15. Defendants named in the caption above shall be referred to collectively herein as "Defendants 801 Residence/APWH, et. al."

16. Defendants 801 Residence/APWH, et. al. named herein are business entities operating as owners, managers, and collectively, as landlords, responsible for the residential premises where Plaintiff resides, located at 801 Locust Street, Philadelphia, PA 19107.

17. Defendants, Samuel A. *BERGER* and Henry A. *BERGER*, being either the former or current owners of the residential property named herein as Defendants 801 Residence/APWH, et. al., are liable to Plaintiff for the acts and omissions committed by themselves, their agents or employees, through *respondeat superior*, having caused injury to Plaintiff, including bodily injury, emotional pain and suffering, and deprivation of rights under federal disability laws.

18. Defendants 801 Residence/APWH, et. al. operate as entities whose primary business function is to act as the building management company, whose primary business operations and functions are located in Philadelphia County and Commonwealth of Pennsylvania, located at 801 Locust Street, Philadelphia, PA 19107, from at least approximately January, 2014 and thru to the present time, and during all times pertinent to the pleadings made herein.

19. Defendants *AMERICAN POSTAL WORKERS HOUSE*, are owner operators, and/or a building management company whose primary business operations and functions are located in Philadelphia County and Commonwealth of Pennsylvania, with management and control

over the residential property located at 801 Locust Street, Philadelphia, PA 19107, d/b/a

_Philadelphia Postal Union Housing Corporation_, from at least approximately January, 2014

thru to the present, and during all times pertinent to the pleadings made herein.

20. Defendants 801 Residence/APWH, et. al. is currently under the management, supervision

    and control of Defendant, _COMMUNITY REALTY MANAGEMENT_, a.k.a referred to

    hereinafter as "_CRM_", since approximately December 2021, thru to the present time, and are

    liable to Plaintiff for acts and omissions ocurring at all times pertinent to the pleadings.

21. Defendant _CRM_ is a business entity who operates and manages the residential property

    located at 801 Locust St. Philadelphia, PA 19107 and whose principal business address and

    location is 36 S. Main St. Pleasantville, NJ 08232, Atlantic County, New Jersey.

22. Defendants 801 Residence/APWH, et. al. have previously listed their business address on

    multiple business records as 114 Forrest Ave. Suite 100, Narberth, PA 19072. For example,

    this business address is listed with the U.S. Department of Housing and Urban Development

    (HUD) and the City of Philadelphia's Department of Licenses & Inspections.

23. Defendants _AMERICAN POSTAL WORKERS HOUSE ASSOCIATES_ are a business and legal

    entity located at 114 Forrest Ave., Suite 100, Narberth, PA 19072, who were responsible for

    business operations of Defendants 801 Residence/APWH, et. al., from January 2014 until

    December 2021, and at all other times relevant to Plaintiff's residency, and who are liable to

    Plaintiff for all claims raised in the factual pleadings made herein.

24. Defendant _BERGER ASSOCIATES, LLC_ is a legal entity whose principal business address,

    114 Forrest Ave. Narberth, PA 19072, Montgomery County, is listed on business records and

    published by federal, state, and local agencies, is liable to Plaintiff for acts and omissions,

    that occurred from approximately January 2014 to December 2021, for committing

continuing and ongoing violations of federal disability anti-discrimination law and torts

under Pennsylvania state law as pleaded herein.

25. Defendant _BERGER ASSOCIATES, LLC_, a.k.a. "_BERGER AND COMPANY_" with a business

address and location listed as 2701 E. Luzerne St., Philadelphia, PA 19137, has directly

reported to and published online by U.S. Department of Housing and Urban Development

(HUD), listed as "Low Income, Elderly and Special Needs Housing." WWW.HUD.GOV



26. Defendants 801 Residence/APWH, et. al., are jointly and severally liable to Plaintiff, for

violations of the federal disability anti-discrimination laws and torts under Pennsylvania state

law as pleaded herein.

*Defendant employees and agents*

27. Defendant Erica JOHNSON, Property Manager is an employee and agent with supervisorial responsibilities of Defendants 801 Residence/APWH, et. al. and currently acts as an employee and agent of Defendant *CRM*, since approximately December 2021.

28. Defendant Nakeisha SIMMONS, Assistant Property Manager is an employee and agent with supervisorial responsibilities of Defendants 801 Residence/APWH, et. al. and acts as an employee and agent of Defendant *CRM*, since approximately December 2021.

29. Defendant Nakeisha SIMMONS, Assistant Property Manager is a former employee and agent with supervisorial responsibilities of Defendants 801 Residence/APWH, et. al., including *BERGER ASSOCIATES* and *American Postal Worker House Associates*, working as employee and agent from approximately January 2014 thru December 2021.

30. Defendant Robert BERGER, Owner/Property Manager was at all times pertinent to the pleadings an employee and agent of Defendant 801 Residence/APWH, et. al., as well as Defendant *BERGER ASSOCIATES*, acting as resident manager with supervisorial responsibilities from approximately January 2014 to December 2021.

31. Defendant Joseph BERGER, Owner/Property Manager was at all times pertinent to the pleadings an employee and agent of Defendant 801 Residence/APWH, et. al., as well as Defendant *BERGER ASSOCIATES*, acting as resident manager with supervisorial responsibilities from approximately January 2014 to December 2021.

32. Defendant Robert BERGER, Owner/Property Manager has personal knowledge of the corporate structure of the owners and operators of Defendants 801 Residence/APWH, et. al., who owned and operated the federally funded and subsidized residential property located at

801 Locust St. Philadelphia, PA 19107, as well as having personal involvement in its daily operations, from approximately January 2014 thru December 2021.

33. Defendant Joseph BERGER, Owner/Property Manager has personal knowledge of the corporate structure of the owners and operators of Defendants 801 Residence/APWH, et. al., who owned and operated the federally funded and subsidized residential property located at 801 Locust St. Philadelphia, PA 19107, as well as having personal involvement in its daily operations, from approximately January 2014 thru December 2021.

## STATEMENT OF FACTS

### *Federally Subsidized Housing*

34. Defendants 801 Residence/APWH, et. al., at all times pertinent to the pleadings, are a federally subsidized rental property, advertising themselves to the public through www.hud.org, for persons who are low income, elderly, special needs, and disabled.

### *Plaintiff is disabled under definitions of federal law*

35. Plaintiff is a disabled person, paralyzed from the chest down to his lower-body and limbs.

36. Plaintiff's disability is plainly visible, depriving him of one or more major life functions.

37. Plaintiff's disability requires him 24/7 use of a motorized or manual wheelchair, both inside and outside his residential unit, at all times on and off the premises, a motorized wheelchair being needed for all movement inside his residential unit, as well as for ingress and egress when coming onto and leaving the premises of Defendants 801 Residence/APWH, et. al.

### *Adequate Notice of disability*

38. Upon information and belief, Plaintiff began living at 801 Locust St. around mid-year 2013.

39. Plaintiff since the inception of his residency with Defendants 801 Residence/APWH, et. al., at all times pertinent to the pleadings, made reasonable accommodation requests because of

his disability, which is plainly visible, and which renders him paralyzed from the mid-chest down to his lower-body, impairing one or more major life functions.

40. Defendants 801 Residence/APWH, et. al., at all times pertinent to the pleadings, were expressly aware and on full notice of Plaintiff's disability, special needs, and reasonable accommodation requests, beginning in approximately January 2014 through the present.

### *Wanton Disregard of Rights and Misappropriation of Federal Funds*

41. Defendants 801 Residence/APWH, et. al., including *Berger Associates*, *Philadelphia Postal Union Housing Corporation*, *American Postal Workers House*, *American Postal Workers House Associates*, and *801 Residence*, from approximately January 2014 to December 2021, through employees and agents Defendants, Robert BERGER and Joseph BERGER, acted with blatant and callous disregard to Plaintiff's reasonable accommodation requests and protected rights under federal law, and did knowingly, willfully, and intentionally act and conspire to act with intention to violate those protected rights, constituting a grossly negligent, reckless, and wanton disregard of Plaintiff's known rights, as well as a flagrant misuse and abuse of federally funded programs, grants, and appropriations, constituting a breach of fiduciary duty and unlawful taking of federal funds, causing injury to Plaintiff.

42. Defendants 801 Residence/APWH, et. al., from December 2021 to the present, specifically Defendants *CRM*, through their agents and employees, Defendants Nakeisha SIMMONS and Erica JOHNSON, did act with blatant and callous disregard to Plaintiff's reasonable accommodation requests and protected rights under federal law, and did knowingly, willfully, and intentionally act and did conspire to act to violate those protected rights, constituting a grossly negligent, reckless, and wanton disregard of Plaintiff's rights, as well as a flagrant

misuse and abuse of federally funded programs, grants, and appropriations, constituting a breach of fiduciary duty and unlawful taking of federal funds, causing injury to Plaintiff.

### *Denied Requests for Reasonable Accommodations*

43. Plaintiff has made multiple requests, both verbally and in writing, for various reasonable accommodations and modifications, which are entitled to him under federal laws which relate directly to his disability and difficulty in accessing basic services, such as kitchen utilities, bathroom utilities, bedroom storage closets, parking spots, mailbox, extermination services, functional heating and cooling units, proper security technology, and access to common areas, which have been substantially impaired and obstructed, due to acts or omissions of Defendants, 801 Residence/APWH, et. al., since the inception of his residence, beginning in approximately January 2014.

### A.   Kitchen ease of access

44. Defendants 801 Residence/APWH, et. al. are liable to Plaintiff for engaging in a continuous and ongoing practice of disability discrimination, interfering with Plaintiff's quiet use and enjoyment of his residential unit, specifically depriving him of access to his kitchen facilities, including cabinetry, refrigerator, stove units, microwave, and other kitchen appliances.

45. Plaintiff has requested a modification of the kitchen utilities, both verbally and in writing, which includes improved access to the refrigerator and electric stove-top, microwave, and oven, which are not readily accessible to him from his motorized wheelchair due to disability.

46. Plaintiff has requested, both verbally and in writing, modifications of the kitchen cabinetry, including the lower and upper cabinets, which are not accessible to him due to his disability.

47. Plaintiff has requested, both verbally and in writing, a modification of the kitchen sink, to access running water, which is not properly adjusted for height and inaccessible to him.

48. Plaintiff has requested, both verbally and in writing, better access to cabinets, pantry, and storage for his kitchen supplies, which are not accessible to him because of his disability.

49. Plaintiff has complained, verbally and in writing, of problems with access to the basic goods and services available in his residential unit's kitchen, since the inception of his tenancy and residency with Defendants 801 Residence/APWH, et. al.

50. Plaintiff's lack of access to basic kitchen functions and utilities such as cabinetry, appliances, running hot and cold water, oven, refrigerator, microwave, etc. have caused him pain, suffering, frustration, humiliation, and grief.

51. Defendants 801 Residence/APWH, et. al., specifically acting through legal entities, agents and employees, Defendants *BERGER ASSOCIATES* from January 2014 to December 2021, and Defendants *CRM*, from December 2021 to the present, are liable to Plaintiff because of their negligent, grossly negligent, reckless, knowing, willful, and intentional acts to deprive Plaintiff of his rights under state and federal law, with regards to inadequate kitchen access and lack of reasonable accommodations.

*B. Bathroom ease of access*

52. Plaintiff complained to Defendants 801 Residence/APWH, et. al. on multiple occasions, verbally and in writing, of his extremely difficult and obstructive situation regarding access to basic bathroom utilities, specifically the bathroom tub, sink, and toilet.

53. Plaintiff complained to Defendants 801 Residence/APWH, et. al., on multiple occasions since the inception of his residency in January 2014, specifically that he could not access the bathroom tub easily from his motorized wheelchair, without causing himself serious risk of injury, reporting verbally and in writing that accessing the bathroom tub has caused him to slip and fall, discomfort, frustration, grief, and other risks to bodily safety and actual injury.

54. Plaintiff suffered injuries, such as slip and fall, causing his body to fall and impact directly with the tub as a result of lack of adequate bathtub facilities, appliances and adjustments needed to accommodate his disability, causing discomfort, pain and suffering.

55. Plaintiff complained to Defendants 801 Residence/APWH, et. al., on multiple occasions, specifically that he could not access the bathtub, bathroom sink, and toilet easily from his motorized wheelchair, causing him lack of adequate access to these utilities and services.

56. Plaintiff complained to Defendants 801 Residence/APWH, et. al., on multiple occasions since the inception of his residency, specifically that he could not access the bathtub, bathroom sink, and toilet, without discomfort and enormous difficulty, and he was injured as a result, suffering slip and fall, on a number of occasions, throughout 2021 and 2022.

57. Defendants 801 Residence/APWH, et. al., specifically Defendants *BERGER ASSOCIATES* from January 2014 to December 2021, and Defendants *CRM*, from December 2021 to the present, are liable to Plaintiff because of their negligent, grossly negligent, reckless, and knowing, willful, and intentional acts to deprive Plaintiff of his rights under federal law, regarding adequate access to the bathroom facilities, specifically the tub, sink, and toilet.

### C.  *Bedroom ease of access*

58. Plaintiff complained to Defendants 801 Residence/APWH, et. al. on multiple occasions, of lack of adequate access to bedroom storage for his clothes and personal items.

59. Plaintiff is unable to reach these personal items due to lack of adequate storage space for his personal items, including closet space and armoire.

60. Plaintiff was permitted a special adaptable and temporary bed which was allotted for his medical treatment and personal use, which he kept stored for use in his living room, and adjacent to a living room window, and near a non-working heater and cooling unit.

61. Plaintiff informed Defendants 801 Residence/APWH, et. al. on multiple occasions that the heater and cooling unit was not working properly, and neither was the air conditioning in the room, to which Defendants 801 Residence/APWH, et. al. replied that it was Plaintiff's fault due to the placement of the temporary bed, which Plaintiff contested and denied.

62. Defendants 801 Residence/APWH, et. al., specifically Defendants _BERGER ASSOCIATES_ from January 2014 to December 2021, and Defendants _CRM_, from December 2021 to the present, are liable to Plaintiff because of their negligent, grossly negligent, reckless, and knowing, willful, and intentional acts to deprive Plaintiff of his rights under state and federal law, with regards to adequate access to closet and storage facilities, as well as bed and mattress facilities, as well as adequate temperature and cooling air systems, air conditioners, heaters, and other utilities in his bedroom and living room.

### D.  _Parking spot ease of access_

63. Plaintiff has complained to Defendants 801 Residence/APWH, et. al. on multiple occasions, verbally and in writing, regarding lack of adequate access to a handicapped accessible parking spot, whether for a motor vehicle, or his motorized wheelchair, or mobility device.

64. Plaintiff has complained to Defendants 801 Residence/APWH, et. al. on multiple occasions, verbally and in writing, that the parking spot allotted to him is not wheelchair accessible, for all practical purposes, despite its designation as a handicapped parking spot.

65. Plaintiff complained to Defendants 801 Residence/APWH, et. al. on multiple occasions, from 2020 to the present that another car was using his parking spot without his permission.

66. Plaintiff has complained to Defendants 801 Residence/APWH, et. al. that the unauthorized use of his designated parking spot by a known third-party, who was not a resident of the

premises at the time, and escalated to an incident that resulted in a physical altercation during which Plaintiff was physically attacked and suffered bodily injury, pain and suffering.

67. Plaintiff's designated parking spot is neither handicapped nor wheelchair accessible, causing discomfort and frustration, mainly because of concrete pillars immediately adjacent to the parking spot, leaving onlyand a few inches space and rendering the doors unopenable.

68. Upon information and belief, Defendants 801 Residence/APWH, et. al. property manager deprived Plaintiff of a handicapped designated parking spot and instead used it for himself, or permitted it to be used by a known third-party individual, causing Plaintiff injury.

69. Defendants 801 Residence/APWH, et. al., specifically Defendants *BERGER ASSOCIATES* from January 2014 to December 2021, and Defendants *CRM* from December 2021 to the present, are liable to Plaintiff because of their negligent, grossly negligent, reckless, knowing, willful, and intentional acts to deprive Plaintiff of his rights under state and federal law, with regards to inadequate access to the parking facilities and failure to provide Plaintiff with a parking spot that is both handicapped and wheelchair accessible.

70. Defendants 801 Residence/APWH, et. al., specifically Defendant Joseph BERGER, has personal knowledge of an incident involving Plaintiff's parking spot being taken from him by coercive, intimidating, and harassing tactics, causing Plaintiff to be bullied and threatened, and physically assaulted by a third-party individual who was not a resident of the property, but, upon and information and belief, works at a medical marijuana distributor nearby.

*E.   Guest visiting ease of access and security issues*

71. Plaintiff requires various guests to attend to his special needs, medical treatment, and care, specifically home health aides which visit him on a daily basis, due to his disability.

72. Defendants 801 Residence/APWH, et. al. do not utilize proper paging technology or other auxiliary aids, or other type of service, to announce Plaintiff's guests, interfering with his ability to receive proper and timely assistance from his guests and home health aides.

73. Plaintiff has complained to Defendants 801 Residence/APWH, et. al. on multiple occasions, verbally and in writing, regarding lack of adequate technology, or an auxiliary service which would provide Plaintiff with advance notice, either from the security guards or the guests themselves, about their arrival and coming onto the premises.

74. Plaintiff without the ability to have guests announce their presence using a security guard, pager or other device, does not have adequate time for preparation to verify identities and receive guests correctly, and cannot therefore maintain proper personal security measures and predetermine the identity of the guest, raising security concerns, thus having compromised his personal security and safety, during the entire period of his residential tenancy.

75. Plaintiff has complained to Defendants 801 Residence/APWH, et. al. on multiple occasions, verbally and in writing, regarding lack of adequate technology and security measures that would permit gate access to a parking lot entrance, or security access to identify a guest's identity, and admit only the proper guests which are needed for medical care and treatment.

76. Defendants 801 Residence/APWH, et. al., specifically Defendants _BERGER ASSOCIATES_ from January 2014 to December 2021, and Defendants _CRM_ from December 2021 to the present, are liable to Plaintiff because of their negligent, grossly negligent, reckless, and knowing, willful, and intentional acts to deprive Plaintiff of his rights under state and federal law, with regards to adequate access to technology and services that would permit adequate security measures and guest access for medical, home health aide, and other needs.

77. Defendants 801 Residence/APWH, et. al., specifically Defendants Erica JOHNSON and Nakeisha SIMMONS, have personal knowledge and are aware of an incident which Plaintiff complained of, involving lapses in security when an unauthorized guest was permitted onto the premises and some of Plaintiff's personal belongings, including medication, was stolen.

### F. *Mailbox ease of access*

78. Plaintiff suffers inadequate ease of access to his USPS mailbox due to his disability.

79. Plaintiff has complained to Defendants 801 Residence/APWH, et. al. on multiple occasions, verbally and in writing, regarding lack of access to his mailbox, which is too high for his reach from his motorized wheelchair.

80. Defendants 801 Residence/APWH, et. al. have responded that they will not adjust the height of Plaintiff's mailbox, but have rather informed Plaintiff that they intend to shift blame to the United States Postal Service (USPS) to adjust the location of the mailbox.

81. Defendants 801 Residence/APWH, et. al., specifically Defendants *BERGER ASSOCIATES* from January 2014 to December 2021, and Defendants *CRM* from December 2021 to the present, are liable to Plaintiff because of their negligent, grossly negligent, reckless, and knowing, willful, and intentional acts to deprive Plaintiff of his rights under federal law, with regards to adequate access to a mailbox for sending and receiving mail via federal service from his residential building.

### G. *Front door to residential unit and ease of access*

82. Plaintiff used technology which was affixed to the front door of his residential unit for opening and closing the front door, which he has relied upon, due to his disability.

83. Plaintiff has complained to Defendants 801 Residence/APWH, et. al. on multiple occasions, verbally and in writing, regarding inadequate or faulty technology with the device that is

affixed to the front door of his residence, which is causing and has caused him
inconvenience, delay, frustration, and personal security issues.

84. Defendants 801 Residence/APWH, et. al. have responded that this sort of issue regarding the
front door to Plaintiff's residence is not their responsibility, stating that the previous tenant
had it installed, taking no responsibility or remedial measure for this compromise in security.

85. Defendants 801 Residence/APWH, et. al., specifically Defendants *BERGER ASSOCIATES*
from January 2014 to December 2021, and Defendants *CRM* from December 2021 to the
present, are liable to Plaintiff because of their negligent, grossly negligent, reckless, and
knowing, willful, and intentional acts to deprive Plaintiff of his rights under federal law, with
regards to a hydraulic or electric operated device attached to the inside of the front door of
the residential unit, causing security issues and injury to Plaintiff.

### H.  *Pest problem*

86. Plaintiff suffers a pest problem involving continued cockroaches, mice, and bugs.

87. Plaintiff has complained to Defendants 801 Residence/APWH, et. al. regarding the pest
problem, which is not attributable to him, but instead to neighbors.

88. Plaintiff maintains his residential unit in a neat, orderly, and hygienic condition.

89. Defendants 801 Residence/APWH, et. al., specifically Defendants *BERGER ASSOCIATES*
from January 2014 to December 2021, and Defendants *CRM* from December 2021 to the
present, are liable to Plaintiff because of their negligent, grossly negligent, reckless, and
knowing, willful, and intentional acts to deprive Plaintiff of his rights under federal law, with
regards to failure to respond and treat complaints of extermination issues for Plaintiff.

### I.  *Balcony Ease of Access and Laundry Rooms*

90. Plaintiff has complained to Defendants 801 Residence/APWH, et. al. regarding lack of ease of access to a balcony and outdoors common area located on the 2nd floor.

91. Plaintiff cannot access the 2nd floor balcony without great strain, effort, and frustration and is deterred from using the balcony because of its inadequate handicapped access and lack of wheelchair accessibility.

92. Plaintiff also cannot easily access the laundry room, primarily during raining days, due to a large puddle of water that accumulates in the center of the laundry room whenever it rains.

93. Defendants 801 Residence/APWH, et. al., specifically Defendants _BERGER ASSOCIATES_ from January 2014 to December 2021, and Defendants _CRM_, from December 2021 to the present, are liable to Plaintiff because of their negligent, grossly negligent, reckless, and knowing, willful, and intentional acts to deprive Plaintiff of his rights under federal law, regarding adequate access to the 2nd Floor balcony, common areas, and laundry room.

### *Photographic Evidence*

94. Plaintiff offers the following photographic evidence which demonstrates the difficulty of ease of access to various services from his motorized wheelchair inside his residential unit.

95. Plaintiff demonstrates his ability to generally access his kitchen in his motorized wheelchair.

 

96. Plaintiff demonstrates his inability to access items in his open refrigerator.



97. Plaintiff demonstrates his inability to access the kitchen sink because of its incorrect height.



98. Plaintiff demonstrates his inability to access the kitchen upper cabinets and pantry items.



99. Plaintiff demonstrates his inability to access plates and stored items in the kitchen cabinets.



100.    Plaintiff demonstrates his inability to access the kitchen sink, toilet and bathroom tub.



101.    Plaintiff demonstrates the limited handrails provided in his bathroom.



102.    Plaintiff demonstrates his inability to access his closet storage space in his bedroom.

 

103.    Plaintiff demonstrates difficulty in accessing his closet storage space in his bedroom.

 

104.    Plaintiff demonstrates difficulty accessing items from a small storage closet.

 

105.    Plaintiff demonstrates his difficulty in accessing a 2nd floor balcony space.

 

106.    Plaintiff demonstrates difficulty with accessing the laundry machines and room.

 

107.    Plaintiff demonstrates difficulty with accessing his bed from his motorized scooter.

 

 

108.    Plaintiff demonstrates a medical bed placed adjacent to a window and heating and

cooling system located in his living room.



**COUNT I, VIOLATIONS OF THE FAIR HOUSING ACT (FHA)**

109.    Plaintiff hereby incorporates paragraphs ¶¶ 1 - 108 including any and all pertinent factual

pleadings contained, therein for purposes of <u>Count I</u>.

110.    Defendants 801 Residence/APWH, et. al. are in direct violation of the clear mandates of

the FHA in their persistent, continuing, continuous and ongoing misconduct and violations of

federal and state anti-discrimination laws, committing multiple violations which amount to a

pattern of malicious intimidation, coercion, and harassment, and further their actions and

omissions, being intentional, reckless, grossly negligent, and/or negligent, and by acting in

blatant and wanton disregard of Plaintiff's rights as a disabled and handicapped person, and

in retaliation against Plaintiff for availing himself of his rights, privileges and immunities

under federal and state law.

111.    Defendants 801 Residence/APWH, et. al. engaged in unlawful discrimination on the basis

of Plaintiff's disability when he was repeatedly and continuously deprived of reasonable

accommodations, expressly and unequivocally requested, both verbally and in writing.

112.   Defendants 801 Residence/APWH, et. al. engaged in unlawful discrimination on the basis of Plaintiff's disability when absolutely no consideration was given to his reasonable requests for a larger residential unit to accommodate his motorized scooter and disability.

113.   Defendants 801 Residence/APWH, et. al., including *BERGER ASSOCIATES*, acting through their employees and agents Defendants, Robert BERGER and Joseph BERGER, from January 2014 to December 2021, acted with blatant and callous disregard to Plaintiff's requests and protected rights under federal law, knowingly, willfully, and conspiring and acting intentionally to violate those protected rights.

114.   Defendants 801 Residence/APWH, et. al. actions constitute intentional violations and wanton disregard of Plaintiff's known rights and a flagrant misuse and abuse of a federally funded programs, grants, and appropriations, i.e. unlawful taking and use of federal funds, by failing to provide the non-exhaustive list of the following: additional grab bars, a bathroom with accessible facilities for a person with Plaintiff's disability, easier access to common areas, easier doors to open/close, lowered or height adjusted kitchen counters and appliances, a shower unit that is easily accessible from a motorized wheelchair, handicapped accessible bathtub, effective air-conditioning and heating units, and a larger residential unit.

## COUNT II, AMERICANS WITH DISABILITIES ACT (ADA)

115.   Plaintiff hereby incorporates paragraphs ¶¶ 1 - 114, including any and all pertinent factual pleadings contained therein, for purposes of <u>Count II</u>.

116.   Defendants 801 Residence/APWH, et. al. are subject to the requirements of Title III of the ADA and the federal law prohibitions against disability discrimination and requirements of reasonable accommodations and modifications.

117.    Defendants 801 Residence/APWH, et. al. receive federally subsidized rent from disabled residents, including Plaintiff, and did commit egregious violations of the ADA, in blatant and wanton disregard of Plaintiff's protected rights, causing him injury.

118.    Plaintiff is entitled to injunctive relief for violations of Title III of the ADA which is made available in this private suit pursuant to 28 C.F.R. § 36.501.

119.    Plaintiff is entitled to attorney's fees for attorney's fees, litigation costs and expenses pursuant to 28 C.F.R. § 36.505 for violations of Title III of the ADA.

**COUNT III, SECTION 504, REHABILITATION ACT OF 1973**

120.    Plaintiff hereby incorporates paragraphs ¶¶ 1 - 119, including any and all pertinent factual pleadings contained, therein for purposes of Count III.

121.    Defendants 801 Residence/APWH, et. al. are subject to the requirements of Section 504 of the Rehabilitation Act of 1973, and its prohibitions against disability discrimination and requirements of reasonable modifications, as a private organization, principally engaged in the business of housing, and conducting a program or activity that receives federal financial assistance or funding.  29 U.S.C. § 794; 42 U.S.C. §§  3535(d), and 5309

122.    Defendants 801 Residence/APWH, et. al., including *BERGER ASSOCIATES*, acting through its employees and agents Defendants, Robert *BERGER* and Joseph *BERGER,*  from January 2014 to December 2021, acted with blatant, wanton, and callous disregard to Plaintiff's requests and protected rights under federal law, in violation of Section 504, causing injury to Plaintiff.

123.    Defendants 801 Residence/APWH, et. al., including *CRM*, acting through its employees and agents Defendants, Nakeisha *SIMMONS* and Erica *JOHNSON,*  from December 2021 to

the present, acted with blatant, wanton, and callous disregard to Plaintiff's requests and protected rights under federal law, in violation of Section 504, causing injury to Plaintiff.

124.    Defendants 801 Residence/APWH, et. al. acts and omissions constituted a pattern of knowingly, willfully, and intentionally conspired and intended to violate Plaintiff's rights constituting a flagrant misuse and abuse of federally funded programs, grants, and appropriations, causing injury to Plaintiff.

**COUNT IV, FHA Sec. 3617 Intimidation Coercion and Harassment**

125.    Plaintiff hereby incorporates paragraphs ¶¶ 1 - 124, including any and all pertinent factual pleadings contained therein for purposes of Count IV.

126.    Defendants 801 Residence/APWH, et. al., specifically *BERGER ASSOCIATES*, acting through its employees and agents Defendants, Robert *BERGER* and Joseph *BERGER,*  from January 2014 to December 2021, did cause Plaintiff to suffer intimidation, coercion, and harassment, causing him personal security issues, and did use verbal threats of eviction and towing his vehicle, deterring Plaintiff from making further complaints and grievances regarding his reasonable accommodation requests.

127.    Defendants 801 Residence/APWH, et. al., including *CRM*, acting through its employees and agents Defendants, Nakeisha *SIMMONS* and Erica *JOHNSON,*  from December 2021 to the present, did cause Plaintiff to suffer intimidation, coercion, and harassment, deterring him from making further complaints and grievances regarding his reasonable accommodations.

128.    Defendants 801 Residence/APWH, et. al., specifically Defendants Joseph BERGER and other agents and employees, treated Plaintiff in a rude, aggressive, patronizing, intimidating, dismissive, and offensive way that deters him from making grievances in a harassing and coercive way, particularly in response to Plaintiff's requests for a reasonable accommodation.

## COUNT V, Negligence

129.    Plaintiff hereby incorporates paragraphs ¶¶ 1 - 128, including any and all pertinent factual

pleadings contained, therein for purposes of <u>Count V</u>.

130.    Defendants 801 Residence/APWH, et. al. are liable to Plaintiff under a state-based theory

of negligence where a duty of care to provide housing goods and services exists between

landlord and tenant, an egregious breach of that duty has occurred, and which continued to

occur since the inception of Plaintiff's tenancy in January 2014, and Plaintiff has sustained

various injuries such as slip-and-fall in his bathroom and bathtub, pain and suffering, related

to difficulty of ease of access onto common areas of the premises, loss of personal security

and safety as a result of lapses in security measures, discomfort, frustration and pain due to

lack of adequate access to kitchen utilities, and other interferences with quiet use and

enjoyment of the premises, as a direct result and cause of that negligence.

131.    Defendants 801 Residence/APWH, et. al. owed a special duty of care to Plaintiff, based

on notice of Plaintiff's disability, taking steps towards acknowledging Plaintiff's requests,

causing Plaintiff to reasonably rely on those assurances, and blatantly disregarded Plaintiff's

complaints and grievances, despite Plaintiff's requests for reasonable accommodations.

132.    Defendants 801 Residence/APWH, et. al. are liable to Plaintiff for punitive damages

under an assumption of duty of care based on knowledge and awareness of Plaintiff's

protected rights under a federal law, and a heightened duty of care owed to tenants by a

landlord who receives federal funds and holds themselves out as compliant with HUD, ADA,

FHA, and Section 504, and federal regulations designed to prevent disability discrimination.

133.    Defendants 801 Residence/APWH, et. al. acted intentionally, wantonly and recklessly in

known disregard of the risks to Plaintiff's special needs, given their requirement to comply

with federal law under the federal regulations promulgated by U.S. Department of Housing

and Urban Development (HUD),

### COUNT VI, Negligence Per Se

134.    Plaintiff hereby incorporates paragraphs ¶¶ 1 - 133, including any and all pertinent factual

pleadings contained, therein for purposes of <u>Count VI</u>.

135.    Defendants 801 Residence/APWH, et. al. are liable to Plaintiff under a theory of

negligence *per se,* because the FHA, ADA, and Section 504 embody statutes and regulations,

which the landlord must follow, being promulgated by the federal government and HUD,

which outline a scope of obligations, promises, and a duty of care required for landlords

managing a residential premises and owed to tenants who have special needs and disabilities.

136.    Plaintiff is a disabled resident of a federally funded activity or program to provide

housing and falls under an intended class of persons that FHA, ADA, and Section 504 are

designed to protect. <u>Feleccia v. Lackawanna Coll.</u>, 215 A.3d 3 (Pa. 2019); <u>Feld v. Merriam</u>,

485 A.2d 742 (Pa. 1984)

137.    Defendants 801 Residence/APWH, et. al. have acted with intentional, gross, reckless, and

wanton disregard for the federal rules and regulations outlined by FHA, ADA, and Section

504 and grossly negligence and reckless disregard of Plaintiff's rights, safety, well-being and

right to be free from disability discrimination under these anti-discrimination laws, thus

violating a presumed duty of care owed to its tenant with special needs and disabilities.

138.    Defendants 801 Residence/APWH, et. al. violation of FHA, ADA, and Section 504 are

the direct cause of Plaintiff's injuries, impaired quiet use and enjoyment of his residential

unit, deprivation of rights under the Landlord Tenant Act of 1951 and Philadelphia Code.

### COUNT VII, Defamation, Libel, Slander

139.    Plaintiff hereby incorporates paragraphs ¶¶ 1 - 138, including any and all pertinent factual pleadings contained, therein for purposes of Count VII.

140.    Defendants 801 Residence/APWH, et. al. upon information and belief, have published incorrect information to HUD regarding Plaintiff's tenancy, causing him injury and damage to his reputation, such as false allegations of material lease violations.

141.    Defendants 801 Residence/APWH, et. al. violation of FHA, ADA, and Section 504 are the direct cause of Plaintiff's injuries, impaired quiet use and enjoyment of his residential unit, deprivation of rights under the Landlord Tenant Act of 1951 and Philadelphia Code.

**COUNT VIII, Fraud**

142.    Plaintiff hereby incorporates paragraphs ¶¶ 1 - 141, including any and all pertinent factual pleadings contained, therein for purposes of Count VIII.

143.    Defendants 801 Residence/APWH, et. al. are liable to Plaintiff under a theory of fraud, having represented to Plaintiff, various third-parties, and to other residential tenants that they are fully equipped and compliant with federal statutes, and their disability anti-discrimination laws and mandates, such as the FHA, ADA, and Section 504.

144.    Defendants 801 Residence/APWH, et. al. use false information, false advertising and due use false pretenses to induce residential tenants with special needs to apply for housing, knowing that they are not in compliance, as advertised on www.hud.org and other platforms.

145.    Defendants 801 Residence/APWH, et. al. use false information, false advertising, make false reports, and use false pretenses to induce federal agencies and obtain funding and federal assistance, administered through federal and state agencies, such as HUD.

**COUNT IX, Damages**

146.    Plaintiff has suffered serious bodily injuries, hospitalizations, such as pressure sores, serious burns, head trauma, bodily injuries, hospitalizations, falls, and financial loss caused by purchase of wheelchair, loss of wages, purchase of heating and cooling systems, payment for home-health aides to assist with daily chores, transportation fees to accommodate the lack of a parking spot, insect and rodent extermination services, new furniture due to the infestation of cockroaches, mice, and bedbugs, interference with quiet use and enjoyment of the premises, and inability to fully enjoy the property the same as other tenants solely due to his disability.

WHEREFORE, Plaintiff avers that Defendants 801 Residence/APWH, et. al. are liable to him and respectfully requests an award of damages in excess of $150,000, injunctive relief, and any other form or relief this Honorable Court deems just and proper.

Date:   12/29/2022                          Respectfully submitted,

/s/   *Lucas T. Nascimento, Esq.*
Lucas T. Nascimento, Attorney at Law
Land Title Building
100 S. Broad St., Ste. 1830
Philadelphia, PA 19110
P: 215-944-4428
C: 609-703-3441
Nascimentolaw@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JIHAAD R. LASSITER | ) |
| Plaintiff, | ) |
| *v.* | ) |
| | ) |
| AMERICAN POSTAL WORKERS | ) |
| HOUSE (APWH), Residential Property | ) |
| PHILADELPHIA POSTAL UNION | ) |
| HOUSING CORPORATION, d/b/a, | ) |
| 801 RESIDENCE, Residential Property | ) |
| SAMUEL A. BERGER, Owner | ) |
| HENRY A. BERGER, Owner | ) |
| COMMUNITY REALTY MANAGEMENT | ) |
| , Property Management Company | ) |
| AMERICAN POSTAL WORKERS HOUSE | ) |
| ASSOCIATES, Property Management Co. | ) |
| BERGER ASSOCIATES, LLC, Property | ) |
| Management Company | ) |
| ROBERT BERGER, Property Manager | ) |
| JOSEPH BERGER, Property Manager | ) |
| NAKEISHA SIMMONS, Property Manager | ) |
| ERICA JOHNSON, Property Manager | ) |
| Defendants. | ) |
| | ) |

CIVIL ACTION No. _____

<u>Civil Action for</u>: Disability Discrimination
Fair Housing Act (FHA), Americans With
Disabilities Act (ADA), Punitive Damages,
Injunctive Relief
<u>Pennsylvania State-related claims</u>:
negligence, intentional and gross infliction
of emotional distress, defamation

JURY TRIAL DEMANDED

## VERIFICATION

Pursuant to Fed.R.Civ.P. Rule 11, the undersigned counsel avers, under penalty of perjury, that the facts and averment contained in the foregoing Verified Complaint are true and correct to the best of his knowledge, understanding and belief.

 */s/ Lucas T. Nascimento, Esq.*

Date: *12/29/2022*

Lucas T. Nascimento, Attorney at Law
100 S. Broad St., Ste. 1830
Philadelphia, PA 19110
P: 215-944-4428
C: 609-703-3441
Nascimentolaw@gmail.com